UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JASON ANDERSON,

        Plaintiff,

  v.

NANCY BERRYHILL,

        Defendant.

Case No. 19-cv-457-pp

---

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 3)**

---

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff says he is not employed and not married; he has three dependents ranging in age from 9 to 17, but he did not check a box to indicate whether or not he was responsible for supporting them, and he did not enter anything under "Amount of Support Provided per Month." Dkt. No. 3 at 1. The plaintiff's only stated source of income is $3,400 per

month in VA disability, and against that income he lists $3,250 in monthly expenses for a mortgage payment ($1,175), car payment ($380), credit card payment ($30) and other household expenses ($1,665). Id. at 2-3. The plaintiff owns a truck worth $21,000, has approximately $10,000 in equity on his home, and has $100 in cash on hand or in a checking or savings account. Id. at 3. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision if the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The complaint states that the plaintiff is disabled and that the conclusions and findings of fact in the Commissioner's denial of benefits are not supported by substantial evidence and are contrary to law and regulations. Dkt. No. 1 at 2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 19th day of April, 2019.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**